UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D'ARRIGO BROS. CO. OF NEW YORK, INC., <br><br> Plaintiff, <br><br> - against - <br><br> JAMES CORRADO, INC., CORRADO'S SPECIALTY GOODS, INC., JOSEPH CORRADO, SR., GERALD CORRADO, JR. and PETER CORRADO, <br><br> Defendants. | Case No. 24-cv-3319 (JGK) <br><br> **STIPULATION AND ORDER** |

Plaintiff D'Arrigo Bros. Co. of New York, Inc. ("D'Arrigo" or "Plaintiff"), on the one hand, and defendants James Corrado, Inc. ("JCI"), Corrado's Specialty Goods, Inc. ("CSGI"), Joseph Corrado, Sr. ("J. Corrado"), Gerald Corrado, Jr. ("G. Corrado") and Peter Corrado ("P. Corrado") (JCI, CSGI, J. Corrado, G. Corrado and P. Corrado collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties"), on the other hand, by and through their respective undersigned attorneys, agree and stipulate to the following:

1.  Defendants admit service of the summonses and complaint. Defendants appear in this action and consent to the jurisdiction of the Court for all purposes, including but not limited to enforcing the terms of this Stipulation and Order.

2.  Plaintiff is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"), of Defendants, jointly and severally, for a debt in the principal amount of $161,429.00 plus interest at the rate of 18% *per annum* through September 12, 2024 in the amount of $121,011.60, and reasonable attorneys' fees and legal expenses incurred by Plaintiff in the amount of $9,000.00, for a total debt under PACA in the amount of $291,440.60 (the "PACA Trust Debt").

- 1 -

3.   For full and final satisfaction of Plaintiff's claims, subject to the terms and conditions of this Stipulation and Order, the Defendants shall pay to Plaintiff the sum of $220,000.00 (the "Settlement Amount") as follows: (a) the sum of $50,000.00 on or before October 11, 2024; and (b) weekly installments of $10,000.00 each commencing on September 17, 2024, and continuing on each successive Tuesday until the balance of the Settlement Amount is paid in full. All payments to be made under this Stipulation and Order shall be paid by bank check, ACH or wire transfer (according to separately provided payment instructions) and paid so as to be received by Plaintiff at Plaintiff's offices located at 315 NYC Terminal Market, Bronx, New York 10474 on or before 3:00 PM on the date due, TIME BEING OF THE ESSENCE. Alternatively, at Defendants' option, the Parties may establish a system for automatic withdrawals via ACH from Defendants' bank account of all payments to be made pursuant to this Agreement. Defendants shall cooperate with Plaintiff, and timely execute and deliver to Plaintiff or its attorney, such documents as may be necessary to implement and maintain the automatic withdrawal system described above.

4.   In the event Defendants fail to timely pay the Settlement Amount as set forth in Paragraph 3 above, if the payment tendered by Defendants is dishonored by the payor's bank, or the ACH withdrawal by Plaintiff is declined for any reason, or no reason at all, Defendants shall have the right to cure such default by paying the amount due within two business days after notice of such default is sent to Defendants via email at joeyjr600@aol.com. Any curative payment by Defendants shall include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

5.   In the event Defendants default in their payment obligations as set forth in Paragraph 3 above, and Defendants either fail to cure such default or are not allowed to cure such


default pursuant to Paragraph 4 above, then upon the filing with the Court of a declaration as to such default by Plaintiff's attorney, with a copy to Defendants via email at the address set forth in Paragraph 4, this Court shall immediately enter a Final Order and Judgment in a form substantially similar to the one attached hereto as <u>Exhibit A</u>. The judgment amount prescribed in the Final Order and Judgment in favor of Plaintiff and against Defendants, jointly and severally, shall be the amount of the PACA Trust Debt set forth in Paragraph 2 above plus any additional attorneys' fees and costs incurred by Plaintiff following the date of this Stipulation and Order, plus all interest accrued at the rate of 18% *per annum*, less any payments made to Plaintiff pursuant to this Stipulation and Order.

6.  The Parties' agreement to the payments set forth in Paragraph 3 above is without prejudice to Plaintiff's standing as a qualified PACA trust creditor and beneficiary as set forth in Paragraph 2 above and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. § 46.46(c)(2) and 7 C.F.R. § 46.46(e)(3). The original credit terms between the Parties are not intended to be modified, nor are they modified by this Stipulation and Order. Nothing herein shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Stipulation and Order are in addition to its rights under the trust.

7.  Without altering or limiting any other provision of this Stipulation and Order, Plaintiff (and its counsel) and Defendants (and their counsel) shall each: (a) cooperate with the other in good faith; and (b) timely execute and deliver such documents and other things as may be necessary to effectuate the provisions of this Stipulation and Order, including but not limited to entry of judgment as contemplated herein.

Case 1:24-cv-03319-JGK-SLC   Document 39   Filed 09/16/24   Page 4 of 9
Case 1:24-cv-03319-JGK-SLC   Document 37   Filed 09/13/24   Page 4 of 9

8. No delay or failure by either Party to exercise any right under this Stipulation and Order, and no partial or single exercise of any right, shall constitute a waiver of that or any other right, unless stated otherwise in writing.

9. This Stipulation and Order may be executed by the Parties, or by the Parties' authorized counsel acting with active authority from their principals, in Counterparts, and collectively all signed Counterparts represent one agreement. Facsimile or electronic signatures shall be deemed originals for all purposes.

10. The Parties acknowledge having had a sufficient opportunity to discuss this Stipulation and Order with their respective attorneys and having availed themselves of that opportunity to the extent they desired to do so.

11. The Court shall retain jurisdiction over this action and the Parties during the pendency of the application of this Stipulation and Order in order to enforce the terms and conditions hereof. All dates and deadlines imposed by operation of the Federal Rules of Civil Procedure or prior orders of this Court are adjourned *sine die*.

12. Defendants' default (Docket No. 20) and the order directing entry of judgment against Defendants (Docket No. 31) are vacated, and the attendant inquest proceeding is hereby terminated.

//

//

//

//

//

//

13. This Stipulation and Order constitutes the entire understanding of the Parties and may not be changed unless in a written agreement signed by all parties or their representatives.

IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:

Dated this 13th day of September, 2024.

McCarron & Diess
Attorneys for Plaintiff

By: _____
Gregory Brown
200 Broadhollow Road, Suite 207
Melville, New York 11747
(631) 425-8110
gbrown@mccarronlaw.com

Defendants
James Corrado, Inc.

By: _____
Joseph Corrado, Sr.

Corrado's Specialty Goods, Inc.

By: _____
Joseph Corrado, Sr.

_____
Joseph Corrado, Sr., individually

_____
Gerald Corrado, ☒., individually

_____
Peter Corrado, individually

**SO ORDERED:**
ENTERED this _16_ day of _September_, 2024.

_____
John G. Koeltl, U.S.D.J.

- 5 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D'ARRIGO BROS. CO. OF NEW YORK, INC., <br><br> Plaintiff, <br><br> - against - <br><br> JAMES CORRADO, INC., CORRADO'S SPECIALTY GOODS, INC., JOSEPH CORRADO, SR., GERALD CORRADO, JR. and PETER CORRADO, <br><br> Defendants. | Case No. 24-cv-3319 (JGK) <br><br> **FINAL ORDER AND JUDGMENT** |

  **THIS MATTER** having come before the Court on Plaintiff's application for a Final Order and Judgment; and it appearing that pursuant to the terms of the Stipulation and Order previously filed in this action, this Court is to enter this Final Order and Judgment immediately upon the filing of a declaration by Plaintiff's attorney which states that payment has not been made by Defendants as required by the Stipulation and Order and Defendants have failed to cure the default in payment; and it appearing that Plaintiff's attorney has filed such a declaration and that Defendants have failed to make payment and to cure that default in accordance with the Stipulation and Order; and for good cause shown;

  IT IS on this _____ day of _____, 202__,

  **ORDERED, ADJUDGED, AND DECREED** that plaintiff D'Arrigo Bros. Co. of New York, Inc. ("Plaintiff") is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* ("PACA"), of defendants James Corrado, Inc. ("JCI"), Corrado's Specialty Goods, Inc. ("CSGI"), Joseph Corrado, Sr. ("J. Corrado"), Gerald Corrado, Jr. ("G. Corrado") and Peter Corrado ("P. Corrado) (JCI, CSGI, J. Corrado, G. Corrado and P. Corrado collectively, "Defendants"), jointly and severally, for a debt in the principal

- 1 -

amount of $_____, plus interest at the rate of 18% *per annum* in the amount of $_____ and reasonable attorneys' fees in the amount of $_____, for a total judgment amount of $_____ under the trust provisions of the PACA; and it is further

**ORDERED** that Defendants shall, within five business days of service of this Order, turnover any and all funds realized from the sale of produce or products derived from produce in their possession to McCarron & Diess, attorneys for Plaintiff, located at 200 Broadhollow Road, Suite 207, Melville, New York, 11747 ("Plaintiff's Counsel"), for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds belonging to Defendants, in the possession of third parties, shall be immediately turned over to Plaintiff's Counsel, for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds owed to Defendants shall be paid directly to Plaintiff's Counsel, when due for distribution to Plaintiff; and it is further

**ORDERED** that Defendants shall supply to Plaintiff's Counsel, within five days of the date of this Order, any and all documents in their possession, custody or control which reflect or relate to Defendants' assets and liabilities, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, bank account statements and income tax returns; and it is further

//

//

//

//

//

**ORDERED** that the judgment entered in favor of Plaintiff and against Defendants, jointly and severally, is a final judgment, there being no just cause for delay in light of Plaintiff's statutory right to prompt payment under PACA, and Plaintiff may have immediate execution therefore.

ENTERED this _____ day of _____, 202__.

_____
John G. Koeltl, U.S.D.J.